**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **David Wade,** | ) | **CASE NO. 1:07 CV 3148** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Patrick Bishop, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

This matter is before the Court upon plaintiff's Motion for Findings of Fact and Conclusions of Law Regarding the Court's Order Granting Judgment as a Matter of Law on the Malicious Prosecution Claim (Doc. 57). Also pending is plaintiff's Motion for New Trial on Malicious Prosecution Claim (Doc. 61). This is a civil rights case. For the reasons that follow, the motions are DENIED.

**FACTS**

Plaintiff, David Wade, filed this lawsuit against defendants, Patrick Bishop and Jason Dwyer, alleging wrongdoing in connection with plaintiff's arrest and subsequent prosecution for

1

aggravated disorderly conduct. Defendants moved for summary judgment. The motion was granted in part. The parties proceeded to trial on the remaining claims. The sole remaining claim asserted against defendant Dwyer consisted of plaintiff's claim for state law malicious prosecution. At the close of plaintiff's case, defendant moved for judgment as a matter of law. This Court denied the motion. At the close of defendant's case, defendant again moved for judgment as a matter of law, this time asserting the defense of absolute immunity. The defendant cited the Court to the case of *M.J. DiCorpo, Inc. v. Sweeney*, 634 N.E.2d 203 (Ohio 1994). After brief oral arguments by the parties, the Court concluded that, under *DiCorpo*, the doctrine of absolute immunity precluded plaintiff's claim for malicious prosecution as a matter of law. Accordingly, the Court entered judgment in favor of defendant. Plaintiff now moves for a new trial and for findings of fact and conclusions of law with respect to the Court's ruling. Defendant opposes the motion.

## **ANALYSIS**

Plaintiff argues that the Court erred in entering judgment in favor of defendant because *DiCorpo* was a defamation case and should not be extended to malicious prosecution cases. Plaintiff also argues that, because defendant is a police officer, *DiCorpo* and its progeny should not apply. In particular, plaintiff claims that in this case defendant did far more than simply provide information to the prosecutor. Rather, he points out that defendant signed the formal complaint initiating the prosecution. Plaintiff further argues that under the Court's ruling malicious prosecution claims would no longer exist. In response, defendant argues that Ohio law has expressly extended *DiCorpo* to claims of malicious prosecution. In addition, defendant points out that no Ohio law exists that would except police officers from *DiCorpo*'s

2

pronouncement.  Defendant further argues that the fact that defendant may have signed the complaint is irrelevant.

Upon review, the Court denies plaintiff's motions.  As an initial matter, the Court declines to issue findings of fact and conclusions of law.  This opinion squarely addresses the issues raised by plaintiff.  For the following reasons, the Court further finds that plaintiff's request for a new trial is not well-taken.

In *DiCorpo*, the Ohio Supreme Court held,

> An affidavit, statement or other information provided to a prosecuting attorney, reporting the actual or possible commission of a crime, is part of a judicial proceeding.  The informant is entitled to an absolute privilege *against civil liability* for statements made which bear some reasonable relation to the activity reported.

*Id*. at syllabus (emphasis added).

While plaintiff correctly notes that *DiCorpo* involved a claim for defamation, the court's holding is expansively written and cannot be said to be limited only to defamation claims.  The court expressly held that absolute privilege applies to *civil liability*.  Moreover, Ohio courts interpreting *DiCorpo* have consistently held that the holding extends to claims for malicious prosecution.  *See, e.g.*, *Barnes v. City of Beachwood,* 2006 WL 2170603 (Oh. App. 8th Dist. Aug. 3, 2006)(doctrine of absolute privilege protects city employees from claims of malicious prosecution even if statutory immunity would not apply); *Bacon v. Kirk*, 2000 WL 1648925 (Oh. App. 3rd Dist. Oct. 31, 2000)("even false statements made to a prosecutor are immune from liability on a malicious prosecution claim");  *Haller v. Borror*, 1995 WL 479424 (Oh. App. 10th Dist. Aug. 8, 1995)(nothing in *DiCorpo* suggests that holding is meant to be limited to defamation).  Thus, based on Ohio law, the doctrine of absolute immunity extends to claims of malicious prosecution.

The Court further rejects plaintiff's argument that *DiCorpo* does not apply to police officers.  Plaintiff fails to cite any case law differentiating between individual complainants and police officer complainants.[1]  Indeed, *DiCorpo* applies the privilege to "informants," which would appear to include *anyone* providing information to a prosecutor.  Further, in *Barnes*, the court of appeals applied the doctrine to the city law director, who allegedly provided an erroneous report to the prosecutor.  *Barnes*, 2006 WL 2170603 at *3 (noting in passing that absolute immunity applies to "one" providing information to the prosecutor).  In short, plaintiff offers no authority supporting its position that police officers, as a class, are not entitled to invoke the doctrine of absolute immunity.

In addition, plaintiff's argument that the absolute immunity defense is inapplicable on the facts of this case.  Plaintiff argues that, because defendant signed as the complainant, the doctrine cannot apply.  In essence, plaintiff claims that defendant "did more" than simply provide information to the prosecutor.  The Court rejects the argument.  Although defendant signed the complaint as the "complainant," the prosecutor also signed the document.  Thus, the Court sees no difference between this case and *DiCorpo*, which extended the privilege to "affidavits" provided to prosecutors.  Regardless, in either case, a prosecutor's action is required in order to institute the charges.

Plaintiff also claims that this Court's ruling eliminates claims for malicious prosecution.

---

[1] Plaintiff relies on *Krieger v. Cleveland Indians Baseball Co.*, 176 Ohio App. 3d 410 (Ohio App. 8 th Dist. 2008) for the proposition that malicious prosecution claims can be asserted against police officers.  That case, however, had nothing to do with absolute immunity.  The doctrine was never mentioned in the opinion and, as such, is not relevant to the analysis.

4

Plaintiff's argument, while appealing, has already been rejected in Ohio courts. See, *Haller v. Borror*, 1995 WL 479424 at *4 (rejecting argument that extension of *DiCorpo* to claims for malicious prosecution eliminates the claim). While *DiCorpo* and its progeny severely limited the instances in which claims for malicious prosecution may be brought, *Haller* recognized the limited circumstances in which the claim survives. Regardless, as a federal court sitting in diversity, this Court is bound to apply the law as it exists in Ohio, not as perhaps it should be.

### CONCLUSION

For the reasons that follow, the motions are DENIED.

IT IS SO ORDERED.

       /s/ Patricia A. Gaughan
      PATRICIA A. GAUGHAN
      United States District Judge

Dated: 6/5/09